IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TROY ADAM SHADE,

    Plaintiff,

v.                                Civ. No. 19-258-RGA

PETER J. WELSH, et al.,

    Defendants.

Troy Adam Shade, SCI-Retreat, Hunlock Creek, Pennsylvania. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 16, 2019
Wilmington, Delaware

*[signature]*

ANDREWS, U.S. District Judge:

Plaintiff Troy Adam Shade, an inmate at SCI-Retreat in Hunlock Creek, Pennsylvania, filed this Complaint alleging inaction by Defendants in a lawsuit filed in the United States District Court for the Middle District of Pennsylvania. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 14). The Court screens and reviews the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## BACKGROUND

Plaintiff alleges that Defendants Acting Clerk of Court Peter J. Welsh and the Office of the Clerk for the United States District Court for the Middle District of Pennsylvania are "willfully acting with wanton malice intent" by "failing to forward" his "legal court action filings to the Courts for processing and to the defendants and the defendants' attorneys by electronic filing or by the Marshal's Service" in an action he filed in the Middle District of Pennsylvania, *Shade v. Stanish*, Civ. No. 18-1429-CCC-CA (M.D. Pa.). (D.I. 1 at 1(capitalization altered)). Plaintiff explains that he mailed and filed the civil action forms with the U.S. Marshals Service forms on July 18, 2018, and in the mailing informed Welsh and the Clerk's Office that he would be mailing the "actual civil complaint" within the next several weeks because, at the time, he did not have adequate funds for postage. (*Id.*). Plaintiff alleges that he mailed the "actual civil complaint" on August 14, 2018. (*Id.*).

The Court takes judicial notice that the Court docket for *Shade v. Stanish* indicates that Plaintiff's initial filing was docketed as a Complaint on July 17, 2018 at Docket Item 1 and that Plaintiff's August filing was docketed on August 16, 2018, as a

1

Supplement to the Complaint at Docket Item 6. *See Stanish*, Civ. No. 18-1429-CCC-CA at D.I. 1 and D.I. 6. An October 30, 2018 docket entry states that waiver of service forms, the waiver order, and the Complaint consisting of Docket Item 1 and the Supplement at Docket Item 6 were mailed to Defendants pursuant to the Court's Order of the same date. *Id.* at D.I. 9 and D.I. 10.

Plaintiff alleges that on November 19, 2018, counsel for *Stanish* Defendants Stanley Stanish and Brian Dougherty filed a motion for a more definite statement and stated that they did not receive Plaintiff's "civil complaint which was filed." (D.I. 1 at 1-2). The Court takes judicial notice that the supporting brief for the motion refers to the original pleading at Docket Item 1 and states that after four months, Plaintiff had yet to "supplement the Statement of Facts" in the original Complaint. *Stanish*, Civ. No. 18-1429-CCC-CA at D.I. 13 at 6 and D.I. 22 at 2. Plaintiff alleges that on or about December 2, 2018, he filed a motion for service of the *Stanish* complaint and, as of January 25, 2019, he had not received a "confirmation Court order" or notice of other action. (D.I. 1 at 2).

Plaintiff alleges that on January 7, 2019, counsel for other *Stanish* Defendants sent him a copy of a motion for a more definite statement, and the motion claimed that these Defendants did not receive Plaintiff's complaint. (*Id.*). The Court takes judicial notice that the Court docket indicates these Defendants filed their motion for a more definite statement on December 31, 2018, and a supporting brief on January 7, 2019. *See Stanish*, Civ. No. 18-1429-CCC-CA at D.I. 25, and D.I. 26. The supporting brief makes specific reference to the Supplement at Docket Item 6 and states, "Plaintiff did not seek leave of Court to amend the complaint filed. In a subsequent filing, labeled a

2

'Complaint,' Plaintiff makes allegations of . . . violations of his civil rights . . . . (Doc. 6)." *Id.* at D.I. 26 at 2.

Plaintiff alleges that Defendants did not include the "actual civil complaint" with the civil forms when served upon Defendants. (D.I. 1 at 2). He asks the Court to take appropriate action and seeks injunctive relief to instruct Defendants to immediately serve the defendants in *Stanish* with the "actual civil complaint" and to moot Defendants' motions for a more definite statement. (D.I. 1 at 2). The Court takes judicial notice that on June 21, 2019, an Order was entered in the *Stanish* case that dismissed without prejudice Defendants' motions for a more definite statement, found that it was "evident" that Plaintiff filed a supplement to the Complaint at Docket Item 6, and noted that Defendants had acknowledged in their filings that Plaintiff had filed a supplemental pleading. *Stanish*, Civ. No. 18-1429-CCC-CA at D.I. 42.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

(2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

4

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff filed this action against the Acting Clerk of Court for the United States District Court for the Middle District of Pennsylvania and the Clerk's Office for the same district, both of whom are federal defendants. (D.I. 1). Where a litigant sues federal actors for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). A *Bivens* action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials" and is the federal tort counterpart to 42 U.S.C. § 1983. *Banks v. Roberts*, 251 F. App'x 774, 775 (3d Cir. 2007). To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992); *see also Iqbal*, 556 U.S. 662 (to state a claim against a

5

government official under *Bivens*, a plaintiff must plead that each government official-defendant, through his or her own actions, has violated the Constitution).

**Clerk of Court.** Plaintiff sued Welsh for his alleged failure in the *Stanish* case to forward Plaintiff's complaint and/or filing to the Courts for process and to the defendants and their attorneys for electronic filing or to the USMS for service. The "Clerk of Court is absolutely immune for discretionary acts and court personnel receive qualified immunity for nondiscretionary acts." *Gary v. Gardner*, 445 F. App'x 465, 467 (3d Cir. 2011) (citing *Wallace v. Abell*, 318 F. App'x 96, 99 (3d Cir. 2009)). The alleged actions raised by Plaintiff with respect to the *Stanish* case "are integral to the judicial function and are within the responsibility assigned to clerks." *Jarvis v. D'Andrea*, 2014 WL 4251605, at *9 (M.D. Pa. Aug. 27, 2014), aff'd, 599 F. App'x 35, 36 (2015). Based upon the Complaint's allegations, the Court finds that Welsh is entitled to absolute immunity.

Even were Welsh not entitled to immunity, Plaintiff has impermissibly named Welsh as a defendant based on the theory of respondeat superior. "Most courts . . . have held that liability [in a *Bivens* action] may not be based on respondeat superior. *Trader v. R.S.*, 2011 WL 1666931, at *6 (E.D. Pa. May 2, 2011). In reading the Complaint's allegations, it is clear that the claims against Clerk of Court Welsh are based on his supervisory position. The Court takes judicial notice that the *Stanish* docket entries indicate that Welsh was not personally involved in docketing any filings in the case. Thus, dismissal is also appropriate for Welsh's lack of personal involvement and as to any claims based upon his supervisory position.

To the extent Plaintiff raises a state law negligence claim against Welsh, he must file an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*,

6

against the United States and only after he exhausts his administrative remedies. The FTCA is the exclusive remedy for any proposed negligence claims. Plaintiff cannot assert any of his negligence claims against federal employee Welsh or individuals employed by the Clerk's Office. He must assert all of his negligence claims against only the United States through the FTCA. See Thomas v. United States, 558 F. Supp. 2d 553, 554 (M.D. Pa. 2008). Moreover, a private plaintiff may not sue the United States under the FTCA without first having filed a claim with the appropriate responsible federal agency. See Albani v. United States, 2010 WL 2364426, at *6 (E.D. Pa. June 9, 2010).

Finally, Plaintiff's request for injunctive relief in the form of service of defendants in the Stanish case and "mooting" the motions for more definite statements filed therein, is moot. The Stanish Court found that Plaintiff had filed a supplement to the complaint at Docket Item 6 and that the Stanish Defendants acknowledged that Plaintiff had filed the pleading. The Stanish Court also dismissed the motions for more definite statements. Thus, the June 21, 2019 Order in the Stanish case mooted Plaintiff's claims for injunctive relief.

Therefore, the Court will dismiss all claims raised against Welsh for the above stated reasons as frivolous, for failure to state a claim as he is not a proper defendant for a FTCA claim, and based upon immunity from suit, all pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and 1915A(b)(1) and (2).

With regard to the claims against the Office of the Clerk, the Clerk's Office is not a "person" and, therefore, not a proper defendant in a federal civil rights action. See, e.g., Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998). In addition and as discussed

above, to the extent a negligence claim is raised against the Office of the Clerk, the Office of the Clerk is not a proper defendant in a FTCA claim. Accordingly, the Office of the Clerk is dismissed as the claims against it are not cognizable pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

In light of the foregoing, and because it does not appear possible that the deficiencies identified herein can be cured by amendment, Plaintiff's motion for leave to amend (D.I. 9) will be denied. The Court finds amendment futile.

## OBJECTION TO DISMISSAL

On August 6, 2019, Plaintiff filed an objection to dismissal of a complaint he had filed against Magistrate Judge Karoline Mehalchick. (D.I. 17). Plaintiff filed an identical filing in another case he filed in the Middle District of Pennsylvania -- *Shade v. Welsh*, Civ. Act. No. 19-259-RGA at D.I. 8.

A ruling on the objection is unnecessary for two reasons. First, this case has no bearing on the dismissal of the complaint against Judge Mehalchick. Second, in Civ. Act. No 19-259 at D.I. 9 and 10, a September 17, 2019 Memorandum and Order addressed the issues raised in the instant objection. There is no need to revisit issues previously raised and ruled upon.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as legally frivolous, for failure to state a claim, and based upon immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and 1915A(b)(1) and (2); and (2) deny the motion for leave to amend due to futility of amendment (D.I. 9).

An appropriate Order will be entered.